```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

FRIEDRICH LU,                  )
                               )
        Plaintiff,             )
                               )
        v.                     )      Civ. Action No. 17-10518-PBS
                               )
TIMOTHY FRATES, et al.,        )
                               )
        Defendants.            )

                ORDER ON PLAINTIFF'S REQUEST FOR DEFAULT

                              May 25, 2017

SARIS, C.D.J.

On May 3, 2017, Plaintiff Friedrich Lu filed a Request for Default and Motion to Assess Damage.  See Docket No. 10.  Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise ...."  See Fed. R. Civ. P. 55(a).

Here, the record contains no evidence that service of process was effectuated as to any of the parties named in the Complaint.  Lu avers that he "sent processes for all defendants to general counsel via the certified mail on Apr 3 previous."  Mot. for Default J. at ¶ 5.  Referencing First Circuit case law[1], Lu states that the "Suffolk County Sheriff Department has a

---

[1] Lu's motion references Blair v. City of Worcester, 522 F.3d 105, 112 (1st Cir. 2008) (an affidavit denying agency, standing alone, may suffice to overcome the presumption of proper service created by the return of service).

standing policy that its general counsel will accept, through certified mail, complaints against the office or its personnel) (up to the sheriff him- or herself)." Id. at ¶ 3.

Given these facts, service was inadequate under Rule 4. To the extent Lu attempted service by certified mail, it was improper because there is no evidence that the mailed documents included the notice and request for waiver of summons that must be provided when service by mail is attempted. See Rule 4(d)(2); see also Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1233-34 (1st Cir. 1991) (service by mail is ineffective if an executed waiver is not returned by the potential defendant). Additionally, Lu has not shown that the general counsel is an authorized agent of the defendants, and the Federal Rules of Civil Procedure do not provide for service on a person who is not an authorized agent simply by virtue of being counsel for a state agency.

Lu has not demonstrated that he satisfied the procedural prerequisites for default judgment because he has not filed a return of service and the defendants have not waived service or permitted service on their general counsel. Notwithstanding Lu's reference to a Suffolk County standing policy, Lu has not met his burden of proving timely and proper service of process. The plaintiff's improper service matters because a federal court may not exercise jurisdiction over a defendant unless proper service

has been made.  Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., 484 U.S. 97 (1987).

Lu filed his Complaint on March 31, 2017, and summonses were issued at that time.  Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  Because it is not beyond the 90 days for service upon the defendants, Lu has time to complete service pursuant to Rule 4 and file a return of service.

ACCORDINGLY, it is hereby ORDERED that Plaintiff's Request (Docket No. 10) for Default and Motion to Assess Damage is DENIED.

SO ORDERED.

       /s/ Patti B. Saris
      PATTI B. SARIS
      CHIEF UNITED STATES DISTRICT JUDGE