```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

FRIEDRICH LU,                    )
        Plaintiff,               )
                                 )  Civ. Action No. 17-10518-PBS
        v.                       )
                                 )
TIMOTHY FRATES, et al.,          )
        Defendants.              )
```

                         MEMORANDUM AND ORDER
                           November 7, 2017

SARIS, C.D.J.

   For the reasons set forth below, this action is dismissed without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m).

                              BACKGROUND

   Plaintiff Friedrich Lu initiated this action on March 31, 2017 by filing a complaint concerning an incident that occurred eight days earlier outside of the Suffolk County House of Correction.  See Docket No. 1.  The complaint names as defendants four correctional officers and the Suffolk County Sheriff's Department.  Id.  With the complaint, plaintiff filed a motion for temporary restraining order and preliminary injunction.  See Docket No. 2.  Plaintiff paid the $400.00 filing fee and the Clerk issued summonses.  See Docket Nos. 5, 6.  Plaintiff's emergency motion was denied.  See Docket No. 7.

   On May 3, 2017, plaintiff moved for default.  See Docket No. 10.  Plaintiff avers that he "sent processes for all defendants to general counsel via the certified mail on Apr 3 previous."  Id.

In an effort to explain why he served the general counsel by mail, plaintiff states that in a 2015 action, the general counsel for the Suffolk County Sheriff's Department had agreed to accept service by mail in Lu v. Dalton, et al., C.A. No. 15-13349-GAO. Id.  With his motion for default, plaintiff attaches a copy of the 9/16/15 email in which the general counsel agreed to accept service of plaintiff's 2015 complaint by certified mail.  Id.

On May 25, 2017, the Court denied plaintiff's request for default because Lu had not met his burden of proving timely and proper service of process.  See Docket No. 11.  At that time, the 90 day period had not yet expired for service of the summonses, which were issued on March 31, 2017.  Id.

In his response to the Court's May 25, 2017 Order, plaintiff explained that the defendants "had been properly served with process" and that it would be "superfluous to serve them again with the same."  See Docket No. 12.

By Order dated August 31, 2017, the Court found that, despite plaintiff's argument to the contrary, he failed to meet his burden of proving timely and proper service of process as required by Fed. R. Civ. P. 4(l)(1).  Plaintiff was ordered to show cause why this case should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m).

Now before the Court is plaintiff's timely show cause response.  See Docket No. 15.  In his one-page response, plaintiff

directs the Court to "[r]ead his (plaintiff's) lips: Defendants were properly served with process, and the court's personal jurisdiction attaches." Id. at ¶ 2. Plaintiff argues that "all defendants should have been defaulted" because "none of them filed an 'affidavit denying agency.'" Id. at ¶ 3.

## DISCUSSION

To properly serve the individual defendants, they must be served personally, at their homes, or via an agent authorized to accept service on their behalf in their individual capacities. See Fed. R. Civ. P. 4(e). As to the Suffolk County Sheriff's Department, a party is required to (1) deliver "a copy of the summons and of the complaint to its chief executive officer" and (2) serve "a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The Massachusetts Rules of Civil Procedure requires that, to effect service on any agency of the Commonwealth, the plaintiff must deliver a copy of the summons and the complaint to "the Boston office of the Attorney General of the Commonwealth, and ... to [the agency's] office or to its chairman or one of its members or its secretary or clerk." Mass. R. Civ. P. 4(d)(3).

Here, plaintiff states that he sent the summonses by certified mail to the general counsel for the Suffolk County Sheriff's Department. Plaintiff is mistaken in his contention

3

that the general counsel is now required to receive service of process in the instant action simply because he agreed to accept service by mail in an earlier action. Despite plaintiff's argument to the contrary, he has not demonstrated that he properly effectuated service. See Donnelly v. UMass Corr. Med. Program, No. 09-11995-RGS, 2010 WL 1924700, at *1 (D. Mass. May 11, 2010) (when attempting to effect service pursuant to 4(e)(C), "the agent served must possess the authority to accept service on behalf of the defendant."). Here, there is no indication that any of the defendants had authorized the general counsel to accept service on their behalf. Accordingly, this action is subject to dismissal without prejudice.

ORDER

Based on the foregoing, it is hereby ordered that this action is dismissed without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m). The Clerk shall enter a separate order of dismissal.

SO ORDERED.

                                       /s/ Patti B. Saris
                                       PATTI B. SARIS
                                       CHIEF UNITED STATES DISTRICT JUDGE